U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
NOV 1 9 2018
AT____ O'CLOCK____
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------x
KARO BROWN,                      :
           PETITIONER,           :
     v.                          :   5:18-cv-317 (NAM)
UNITED STATES OF AMERICA,        :   5:03-cr-243-4 (NAM)
           RESPONDENT.           :
                                 :
--------------------------------x

CONSOLIDATED REQUEST FOR, AND BRIEF IN SUPPORT OF:

LEAVE TO FILE REPLY BRIEF TO GOVERNMENT's RESPONSE

TO PETITIONER's PENDING RECONSIDERATION MOTION

AND NOW COMES Karo Brown, pro se, (Petitioner); and hereby respectfully submits his Request, with Brief in Support, of the Court's Leave to File a Reply Brief to the Government's Response of his timely filed Motion for Reconsideration.

Succinclty, Petitioner Brown is properly and fully chasitsed with respect to his belief that he was entitled to a leave to reply, though he was told that it was not mandatory but elective. In fact, as Petitioner noted in his Reconsideration Motion, he now has other writ writers adsisiting him and that person was of the belief that the leave to file reply briefs was, in fact, "ubiquit[ous]" throughout the federal realm of pleading. See generally: Middle District of Pennsylvania Local Rules, Rule 7.7 ("...may be filed by moving party, within fourteen (14) days ...."); Conneticut Local Rule, rule 7(d) Reply Memorandum. "... not required and absence does not prejudice moving party... fourteen (14) days...."); Northern District of Ohio, Rule 7.1(e)

Reply Memorandum (same).

This premise is even enshrined in the Federal Rules of Appellate Procedure, Rule 28.1(c) Appellee's Reply Brief. So the unskilled litigant(s) in prison cannot be faulted for proceeding under the (mis)conception that he would be defaulted a leave to file his reply brief. As such, now that Petitioner is aware of the fact that he was not entitled to a reply brief in the 2255, or in this set of ancillary proceedings, he nonetheless wishes to seek leave for one now and also reiterate that he should have been given an opportunity for one in the 2255 briefing schedule. Which will be shown in furhter detail why that was so in the forthcoming Reply to this Reconsideration.

## JURISDICTION

Petitioner respectfully references, as if set forth fully herein, Local Rules of the Northern District of New York, Rule 7.1(b)(2) Non-Dispostive Motions. Therein this Court's Local Rule clearly states that motions other than dispositive motions, covered in L.R. 7.1(b)(1), are not permitted a reply brief unless granted leave by the Court.

> Second, in this District, when a party fiels a dispositive motoin (such as a motion for preliminary injunction), that party is not entitled to a surreply. N.D.N.Y., L.R. 7.1(b)(1). Furthermore, whan a party files a non-dispositive motion (such as a motion for reconsideration), that party is not entitled to file a reply, without prior leave of the Court. N.D.N.Y. L.R.7.1(b)(2)....

Planck v. Schenectady County, 2012 U.S. Dist. LEXIS 76241 (06/01/12). See also: Bruno v. City of Schenectady, et. al., 2016 U.S. Dist. LEXIS 32197 (03/14/16) (must seek leave of court for reply brief).

2

## STATEMENT OF CASE AND FACTS

Petitioner filed his 2255 motion and exhibits with the District Court and same ordered the United States to file an Answer.

The United States was Granted an extension of time to file its Response, and timely filed same.

The Court reviewed the submissions and ultimately denied the 2255 motion.

In the interim, Petitioner had misunderstood that he would have an opportunity to file a reply brief to clarify and traverse the Government's position(s). But he continued to research and study his case and gained additional materials that he submitted in the present pleading.

Had Petitioner known, he would have filed a Request for Leave to file a Reply Brief and additional time to secure the materials that he submitted with that Motion.

The United States has now thrown the proverbial "wrench" in the engine by not only Responding to Petitioner's Reconsideration, but has miraculously retrieved a number of materials -- which incidentially must be taken on faith as they are under seal, though Petitioner deems that a simple redaction of the sensitive portions would have sufficied -- that purport to memoralize the proceedings that are not memowlaized in the docket entries of the underlying criminal proceedings.

At this late stage, there are a number of materials that were not before the Court at the time of the 2255 proceedings, and are subject to any number of legal arguments and/or rebuttals. Petitioner Discusses them in the next section.

3

## DISCUSSION

> The purpose of pleading is to facilitate a proper decision on the merits....

Foman v. Davis, 371 U.S. 178, 182 (1962) (citing and quoting Conley v. Gibson, 355 U.S. 41, 48 (1957).

In sum, the Court has long held that a full and complete briefing process/schedule goes far to ensure the due process and a fair hearing of claims. Moreover, the Court has repeatedly remanded cases because they do not have sufficient briefing on underlying issues that are/were needed to resolve issue(s) presented to them. In fact, the Court many times will resolve the issue(s) presented to it, only to ascertain that the ultimate question must be remanded in order for the courts below to delve into the case file and ascertain whether there are facts to actually resolve the case. (Citations ommitted for brevity.)

But of import to this case, is the fact the Government has now broadened the evidence that is available to the Court and when new evidence is entered, it is appropriate to hear argument on the relevance and/or meaning of it to the case at bar. Especially as now it is quite obvious that the materials go to the heart of the matter of the Grand Jury proceedings in the underlying criminal case.

With respect to this, the Government now asserts that the case file includes materials that rebut the claims made by Petitioner in his 2255 motion. It would appear that the Government is Expanding the Record, as per Rules Governeing Section 2255 Proceedings in the United States District Court, Rule 7.

4

Turning to those rules, which would control the pleading process in a 2255 setting, there is absolutely a mandate for an opportunity to file a Reply:

> (c) Review by the opposing party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Ibid. at (c).

Of further noteworthiness, is that those rules specifically do actually grant leave for a reply to the Answer as filed by the Government in the underlying 2235 motion.

> (d) Reply. The moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge.

Rules-2255, Rule 5 Answer.

Petitioner deems that while this Court's Local Rules may curtail the proceedings in the handling of the court's docket, the fact that the Rules-2255 give certain leaves cannot be truncated by local rules. Especially as now where the Record is being Expanded on/in a Response Brief that the Government claims is unaswerable by the moving party. Curious at best.

At this ijuncture it is quite clear that the pleading process is becoming unwiedly and needs to be brought back into the normal realm of American Jurisprudence, though the Government would take issue with a historical perspective is of no import. AS noted above, the Court has stated that it supports a full and complete briefing process in order to reach the merits. Petitioner feels that the truncated manner championed by the Government would be expidient, but that does not make it equitable. Which incidentially, is what this proceeding is to be goverenéd by and this Court has a wide latitude to see justice done.

## CONCLUSION

Wherewithal, the Rules-2255 mandate that a reply be permitted and the Court shoudl have set a time for same.

Moreover, the fact is that now the Government is entering materials with the Court to rebut this Reconsideration that should have been entered before; and as such have enjoined additional authority in the Rules-2255 for a Reply by the Petitioner. It is beyond peradventure the the Appeals Court will want a full briefing from both parties as to the relevancy of those materials as well the other arguments that are not fully "fleshed-out."

Petitioner deems that the Local Rules seem to reference Eleven (11) days to file reply briefs, so that would be November 21, 2018. from the filing of the Government's Response. As intervening legal holidays and weekends are excluded in time calculations for time periods less than or equal to twelve (12) days.

Finally, the Government argues that Petitioner has now exhausted his arguments for rebuttal of the Response, but that is not the case. Petitioner has much more to set out in the leave to file a Reply Brief in the 2255, as he was by 2255 rules specifically granted to do -- and was only prudentially awaiting the Court's Order for setting the time. See: Rules-2255, Rule 5(d), supra id.

The interests of justice call for this Court to exercise its discretion and vacate its order and permit a Reply by Petitioner in his 2255 and to Reply to the Government's Response herein.

WHEREFORE PETITIONER PRAYS THAT THIS HONORABLE COURT WILL Grant his Request for Leave to file a Reply Brief in this Reconsideration to answer the Government's newly presented evidence.

AND FURTHERMORE, Grant his Reconsideration in order to allow him his Reply Brief in the 2255 proceedings so that he can fully argue his claims therein, as the arguments are not yet completed.

AND FURTHERMORE, Order the Reply Brief to be filed within thirty (30) days of the Order Granting this Reconsideration.

Respectfully Submitted.

## DECLARATION AND CERTIFICATE OF SERVICE

I, Karo Brown, hereby declare and affirm that the foregoing is true and correct to the best of my knowledge and recollection, prusuant to 28 U.S.C. § 1746(2), and that I served a true and correct copy, by first-class postage prepaid surrender to the prison officials, this 14th day of November, 2018, on:

Michael F. Perry
AUSA for N.D.N.Y.
100 S. Clinton Street
Syracuse, NY 13261-7198

*/s/ Karo Brown*
Karo Brown, pro se
Reg. #58105-066
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887-2000

7